IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Unula Boo Shawn Abebe, ) | |
| ) | Civil Action No. 5:12-202-MBS-KDW |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER AND OPINION** |
| ) | |
| Sharonda Sutton, Jamie Belue, James ) | |
| Harris, Ernest Rowe, and Williams Byars, ) | |
| ) | |
| Defendants. ) | |
| ) | |

On October 12, 2011, Unula Boo Shawn Abebe ("Plaintiff"), a South Carolina state prisoner proceeding *pro se* and *in forma pauperis*, filed an action based on the Universal Declaration of Human Rights ("UDHR") against the above-named Defendants. ECF No. 1. Pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., the matter was referred to United States Magistrate Judge Kaymani D. West for pretrial handling. The Magistrate Judge reviewed the complaint pursuant to the provisions of 28 U.S.C. §§ 1915 and 1915A.

On February 29, 2012, the Magistrate Judge issued a Report and Recommendation in which he found that the UDHR is not a source of justiciable rights. ECF No. 13. The Magistrate Judge further found that assuming Plaintiff intended to state a cause of action under 42 U.S.C. § 1983, he has not stated a plausible claim of any constitutional violation. Accordingly, the Magistrate Judge recommended that Plaintiff's complaint be dismissed without issuance and service of process. Plaintiff filed objections to the Magistrate Judge's Report and Recommendation on March 15, 2012. ECF No. 15. Plaintiff objects to the Magistrate Judge's

1

determination that the UDHR is not a source of justiciable rights. Plaintiff also objects to the Magistrate Judge construing his claims as arising under 42 U.S.C. § 1983.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). This court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). This court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.*

The UDHR "does not of its own force impose obligations as a matter of international law," *Sosa v. Alvarez-Machain*, 542 U.S. 692, 734 (2004), much less create justiciable rights beyond those provided for in the Constitution. Accordingly, Plaintiff's objection is without merit. However, Plaintiff's objection to the Magistrate Judge construing his claim as arising under 42 U.S.C. § 1983 is sustained, and the court therefore does not construe Plaintiff's complaint in this manner.

After a *de novo* review of the record in this case, the court adopts the Magistrate Judge's analysis as to Plaintiff's UDHR claims only. Plaintiff's action is dismissed without prejudice and without issuance or service of process.

**IT IS ORDERED.**

s/ Margaret B. Seymour
Margaret B. Seymour
Chief United States District Judge

Columbia, South Carolina
April 2, 2012